UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DEQONTAY DUNNAWAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEVIN MAZZA, Warden, )<br>)<br>Respondent. )<br>)<br>) | No. 5:24-CV-209-GFVT-HAI<br><br>RECOMMENDED DISPOSITION |

*** *** *** ***

On August 6, 2024, state prisoner Deqontay Dunnaway filed a *pro se* petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. D.E. 1. Dunnaway contemporaneously mailed a Memorandum of Law and Facts supporting his petition, which the Court received on August 9, 2024. D.E. 5. On November 20, 2024, Respondent, Warden Kevin Mazza, filed a response. D.E. 10. The Warden also conventionally filed a CD containing the trial video record. D.E. 11. On December 3, 2024, the Court received Dunnaway's reply. D.E. 14. For the reasons described below, the undersigned recommends Dunnaway's petition be denied.

The Court recognizes that Dunnaway is proceeding *pro se*, without the assistance of an attorney, and thus construes his petition liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

**I.    Background**

In September 2019, Dunnaway was convicted in the Hardin Circuit Court of first-degree trafficking in a controlled substance and being a first-degree persistent felony offender. D.E. 10-

2 at 1. He was sentenced to 20 years imprisonment. *Id.* The Kentucky Supreme Court summarized the case as follows:

> On January 27, 2019, Kentucky State Police Trooper John Adams effected a traffic stop on a vehicle operated by Dunnaway for speeding and improper lane usage. Trooper Adams detected the smell of burnt marijuana as he approached the vehicle. Dunnaway was asked to exit the vehicle and accompany Trooper Adams to his cruiser. Upon questioning, Trooper Adams learned Dunnaway did not have a valid operator's license and the vehicle had been rented by Dunnaway's passenger, Adria Shouse, two days earlier. Dunnaway refused Trooper Adams' request to search the vehicle.
>
> While Trooper Adams and Dunnaway were sitting in the cruiser, Trooper Richard Ellis arrived on scene and approached the vehicle to speak with Shouse. Trooper Ellis smelled burnt marijuana and noticed an open alcoholic beverage container in the vehicle. Shouse denied smoking marijuana and refused a request to search the vehicle.
>
> Dunnaway and Shouse gave inconsistent stories about their travels. Dunnaway was evasive in answering some of the Troopers' questions and he became nervous and agitated when pressed about marijuana usage. Based on their observations and belief contraband was in the vehicle, the Troopers executed a warrantless search and located a black bag behind the driver's seat. Within the black bag was a sealed bag containing approximately 220 grams of cocaine and another bag containing 499 pills which appeared to be ecstasy and several of which tested positive for methamphetamine. Dunnaway and Shouse were both arrested and Dunnaway admitted the drugs belonged to him.
>
> Dunnaway was indicted for trafficking in a controlled substance (cocaine), first degree, second or subsequent offense, trafficking in a controlled substance (ecstasy, greater than ten dosage units), second degree, second or subsequent offense, and PFO I. Dunnaway filed a pretrial motion to suppress the evidence seized, asserting the warrantless search of the rented vehicle was improper and did not fall within an exception to the warrant requirement and further, that the roadside detention was improperly extended beyond the time necessary to issue the appropriate traffic citations. Following a hearing, the trial court denied the motion. A subsequent motion to set aside or vacate the order denying suppression was likewise denied.
>
> Prior to trial, the Commonwealth provided notice of its intent to introduce testimony about a traffic stop in Shelby County approximately three weeks prior to the instant traffic stop where Dunnaway was driving a rented car and found to be in possession of approximately 125 grams of cocaine and $20,000 in currency. Dunnaway informed the arresting officer the drugs and money were his "livelihood." The Commonwealth sought to introduce this evidence to show

> Dunnaway's "intent to sell, knowledge, pattern of conduct and/or absence of mistake." Dunnaway objected to the introduction of this testimony. In a written order, the trial court determined the evidence of Dunnaway's possession of drugs in a similar circumstance was relevant to whether he had the cocaine for personal use or for trafficking. Further, the trial court concluded the probative value outweighed any prejudicial effect. The order also indicated the trial court would offer a limiting admonition upon presentation of the testimony at trial. The matter then proceeded to a jury trial.

*Dunnaway v. Commonwealth*, 2019-SC-0730-MR, 2021 WL 234773 at *1 (Ky. Jan. 21, 2021).

Following his conviction, Dunnaway appealed his case to the Kentucky Supreme Court. He argued that the trial court erred in denying his motion to suppress relating to the warrantless search of his vehicle and in admitting testimony regarding his Shelby County stop under Kentucky Rule of Evidence 404(b). D.E. 10-2 at 61. The Kentucky Supreme Court affirmed the trial court's decisions. *Id.*

On January 18, 2022, Dunnaway filed a state postconviction motion under Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42"). D.E. 10-2 at 63. In the motion, Dunnaway put forward claims of ineffective assistance of trial counsel, contending his publicly appointed attorney: (1) failed to challenge the length of his traffic stop, (2) failed to argue the traffic stop was illegal, and (3) failed to convey his acceptance of a plea offer to the government. *Id.* at 63-81. The trial court denied relief on March 24, 2022, and the Kentucky Court of Appeals affirmed on March 22, 2024. D.E. 10-2 at 96, 131.

On August 6, 2024, this Court received Dunnaway's motion for federal habeas relief, alleging three grounds of error. D.E. 1. The three grounds before the Court are as follows:

(1) The evidence of drugs found in Dunnaway's car should have been suppressed as the discovery was the result of a warrantless search not subject to an exception to the warrant requirement. D.E. 1 at 6.

(2) Testimony concerning Dunnaway's pending Shelby County drug charges was improperly admitted under Kentucky Rule of Evidence 404(b). *Id.* at 8.

3

(3)  Dunnaway received ineffective assistance of counsel when his trial counsel failed to properly accept a plea offer from the Commonwealth Attorney. *Id.* at 9-10.

The Court will separately consider each of these three grounds for relief and will reference them as numbered in this list.

## II.  Standard of Review for State Habeas Cases

A state prisoner has a statutory right to collaterally attack his conviction or sentence. *West v. Bell,* 242 F.3d 338, 346 (6th Cir. 2001). A state prisoner may seek federal habeas corpus relief on the ground that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), requires "heightened respect" for factual findings and legal determinations made by state courts. *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir. 2007). Section 2254(d), as amended by the AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "highly deferential" standard of review that is "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). All the state court's factual findings are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Sinkfield*, 487 F.3d at 1016, 28 U.S.C. § 2254(e)(1). Legal conclusions made by state courts also receive substantial deference

4

under the AEDPA. "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam). Also, "circuit precedent does not constitute clearly established Federal law" under AEDPA. *Parker v. Matthews*, 567 U.S. 37, 48 (2012). In sum, "federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

Therefore, the question before this Court is not merely whether the Kentucky courts were incorrect, but whether they were so wrong that their treatment of the law and facts was "unreasonable" under these deferential standards.

### III.    Ground One – Vehicle Search and Seizure

In the memorandum supporting his habeas petition (D.E. 5), Dunnaway argues the trial court improperly denied his motion to suppress evidence seized during the warrantless search of the rental car during the January 27, 2019, traffic stop. D.E. 5 at 5-7. Dunnaway claims the search was unconstitutional because, in contrast to the troopers' reports, there was no scent of marijuana to establish probable cause justifying the search. He further claims, that, even if the scent was present, the bag containing the drugs was outside the purview of the search allowed under the "plain smell" doctrine. *See id.* at 7. Dunnaway is not entitled to relief on Ground One for two reasons.

First, the trial court's decision that this was a constitutional search did not involve an unreasonable determination of fact, nor was it contrary to federal law. It is firmly established that, under the automobile exception to the warrant requirement, law enforcement officials are

permitted to search a vehicle without a warrant if they have probable cause that evidence or contraband is inside. *Carroll v. United States*, 267 U.S. 132 (1925); *see also Chavies v. Commonwealth,* 354 S.W.3d 103, 110 (Ky. 2011). As Petitioner admits, it is well established in the Sixth Circuit, and under Kentucky law, that the smell of burnt marijuana constitutes probable cause to justify such a search. *U.S. v. Garza*, 10 F.3d 1241 (6th Cir. 1993); *Dunn v. Commonwealth*, 199 S.W.3d 775 (Ky. App. 2006); *see also* D.E. 5 at 5-6. The scope of the search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *U.S. v. Ross*, 456 U.S. 798, 824 (1982). This could include inside bags or containers, so long as probable cause supports the search. *Id.*

Here, the smell of marijuana, identified by a trooper with Drug Enforcement Agency ("DEA") Drug Task Force training, established probable cause of evidence of a crime or contraband in the vehicle. *See* D.E. 10 at 13. It does not matter that marijuana was ultimately not found, the facts preceding the search still established probable cause. Probable cause was further established prior to the search by the open alcoholic beverage container plainly visible from outside the vehicle. *See* D.E. 10 at 13. Either way, the troopers's probable cause extended to the black bag, which was hidden, but accessible, under Dunnaway's seat. As such, the state courts arrived at a reasonable determination of fact and their decisions were in accordance with federal law.

Even if the search were problematic, federal review on the issue is precluded under *Stone v. Powell*, 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. Prior to filing this petition,

6

Dunnaway was provided "full and fair litigation of [his] Fourth Amendment claim." *See id.* Dunnaway filed a suppression motion which was denied after an evidentiary hearing before the trial court. D.E. 10-2 at 60. The issue was then reviewed by the Kentucky Supreme Court, which affirmed the trial court's decision. *Id.* The Sixth Circuit has previously found similar sequences of review sufficient to preclude federal habeas review under *Stone*. *See e.g., Williams v. Ohio*, 547 F.2d 40, cert. denied 435 U.S. 988 (6th Cir. 1976) (finding federal habeas review precluded where the petitioner had a motion to suppress reviewed by the Ohio trial court, Court of Appeals, and the Supreme Court). As such, Dunnaway cannot be granted relief on Ground One.

### IV.   Ground Two – Admission of Testimony under KRE 404(b)

In Ground Two, Dunnaway asserts entitlement to habeas relief by arguing the trial testimony concerning his pending Shelby County charges was inadmissible propensity evidence. D.E. 5 at 8-9. He claims that the testimony was overwhelmingly prejudicial, in particular because the charge was still pending. *Id.*

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). As a result, "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007)(quoting *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir.1983)). "[A] state court's violation of its own evidentiary law does not, *ipso facto,* provide a basis upon which a federal court may grant habeas relief." *Bey*, 500 F.3d at 519. To be subject to federal habeas review, the error in the evidentiary ruling must be so severe that it constitutes a violation of the petitioner's due process rights. *Estelle*, 502 U.S. at 70. As such, evidentiary rulings, even those in error, do not warrant habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive

7

the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004)(citing *Estelle*, 502 U.S. 69-70).

The trial court in this case overruled Dunnaway's objection to the testimony involving his pending Shelby County charge based on Kentucky Rule of Evidence 404(b). D.E. 10-2 at 25-27. Because the law applied was state law, this Court may only grant Dunnaway relief on Ground Two if the decision to admit the testimony was so fundamentally unfair that his due process rights were violated. Dunnaway does not cite any federal law establishing that a state's improper admission of this sort of character evidence amounts to a violation of due process. D.E. 5 at 8-9. In fact, the Sixth Circuit has found similar evidence admissible under Federal Rule of Evidence 404(b), which is consistent with Kentucky Rule of Evidence 404(b), on multiple occasions. *See, e.g.*, *United States v. Whited*, No. 24-5253, 2025 WL 405103 at *5 (6th Cir. Feb. 5, 2025) (affirming the district court's denial of the defendant's motion to exclude evidence of a contemporaneous but uncharged attempted parking-lot robbery as identity evidence under Fed. R. Ev. 404(b)); *United States v. Rolling*, No. 23-1045, 2024 WL 4512532 at *5-7 (6th Cir. Oct. 17, 2024) (explaining that witness testimony concerning the defendant's prior, uncharged drug activity was evidence of motive admissible under Fed. R. Ev. 404(b)).

Dunnaway's briefing cites *U.S. v. Freeman*, wherein the Sixth Circuit reversed a conviction from a federal district court due to improper admission of a ten-year old drug trafficking conviction under Federal Rule of Evidence 404(b). *U.S. v. Freeman*, 412 F. App'x 735, 744 (6th Cir. 2010)("It was error to admit Freeman's prior drug-trafficking conviction pursuant to Federal Rule of Evidence 404(b). That conviction was neither near in time nor substantially similar to the conduct at issue here, and its probative value, if any, was substantially outweighed by a risk of unfair prejudice."). Apart from the factual distinctions in Dunnaway's case, the *Freeman* court

8

applied Federal Rule of Evidence 404(b) in a non-habeas analysis. That avenue of review is not available to Dunnaway. Further, *Freeman* is Sixth Circuit precedent, which is not considered clearly established federal law under § 2254. *See Parker v. Matthews*, 567 U.S. at 48. So, even *Freeman* did apply as Dunnaway suggests, the Kentucky state court's rulings were not contrary to clearly established federal law.

Dunnaway focuses on the substantive issues discussed in the direct appellate review of his conviction, arguing that the state court improperly conducted a KRE 404(b) analysis. But it is not within the power of a federal district court to reconsider a decision of state evidentiary law on habeas review absent an egregious decision that denies the petitioner his right to a fair trial. There was no such egregious error here. As such, Dunnaway should not be granted relief on Ground Two.

## V.    Ground Three – Ineffective Assistance of Counsel and Plea

Dunnaway's petition finally argues that he received ineffective assistance of counsel when his trial counsel failed to accept a plea offer on his behalf that would have altered the terms of his sentence.

An ineffective assistance of counsel claim presents a mixed question of law and fact. *Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003). To successfully assert an IAC claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under

"prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove prejudice under the second prong of *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Id.* at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

The Supreme Court has repeatedly commented on the interaction between AEDPA deference under § 2254(d) and *Strickland*'s standards of review. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Under § 2254, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard

10

itself." *Id.* Both standards are "'highly deferential' and when the two apply in tandem, review is 'doubly'" deferential. *Id.* at 105 (citations omitted). Under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Also, because the *Strickland* standard is a "general" standard, "the range of reasonable applications is substantial." *Id*.

According to the record, Dunnaway's plea negotiations primarily took place in the week before his trial. *See* D.E. 5 at 13. On September 4th, Dunnaway's trial counsel contacted the Commonwealth to inform it that Dunnaway was interested in a plea agreement. D.E. 10-2 at 86-89. The Commonwealth replied, offering a sentence of twenty years with the possibility of parole after serving twenty percent of his sentence.[1] *Id.* at 87. The offer was to expire at 1:00 p.m. on September 5th. *Id.*

The morning of the trial (September 9, 2019), Dunnaway's trial defense counsel raised the issue of the plea negotiations before the court. *Id*. at 86. Defense counsel acknowledged that the time for acceptance had passed, but explained he had informed his client that he would request the plea terms be accepted, along with a reservation of the right to appeal pretrial rulings and motions. D.E. 11, 2019-09-09_9.40.52.437, at 09.23. The court explained that it could not force the Commonwealth to accept the offer. The Commonwealth informed the court that this was different than their original offer and it had told defense counsel that it would not negotiate a plea on the day of trial. As such, it would not be entering into any deal with Dunnaway. *Id.*

Later, Dunnaway addressed the court, stating his intent was to accept the offer prior to its expiration on September 5th, and he just asked his counsel to see if a furlough would be possible

---

[1] It appears the deal had also been offered in February of 2019 but was not accepted. Aside from Dunnaway's filing of a letter describing the deal in his supplemental briefing, the prior offer is not discussed by either of the parties in this case. *See* D.E. 5-2 at 8.

11

(independent from acceptance). *See id.* at 12.01; *see also* D.E. 10-2 at 18, 89. Dunnaway indicated that, had the furlough request been denied, he still wanted to accept the plea. D.E. 11, 2019-09-09_9.40.52.437, at 12.01. Defense counsel provided the court with his cell phone records with Dunnaway and summarized his interactions on September 4th and 5th. As he explained, after the Commonwealth extended the offer on September 4th, defense counsel discussed the matter with Dunnaway, who instructed him to ask about the furlough. Counsel relayed this request to the Commonwealth, who informed counsel they would let him know. *Id.* Counsel later received a text from Dunnaway's "people," stating Dunnaway requested that counsel contact him prior to accepting any offer from the Commonwealth. After the Commonwealth denied the furlough request, counsel did not reach back out to accept the deal prior to its expiration. *Id.* The video of the hearing shows Dunnaway did not object to, or disagree with, this retelling of events. *Id.*

Dunnaway's ineffective assistance of counsel claim has already been thoroughly evaluated by the Hardin Circuit Court and the Kentucky Court of Appeals during the adjudication of Dunnaway's RCr 11.42 motion. D.E. 10-2 at 93-96; D.E. 10-2 at 131-34. Both courts analyzed the evidence of record and discussed how the offer was not accepted because there was no actual agreement. *Id.* They properly explained the *Strickland* standard. *Id.* Because the ineffective assistance of counsel claim was appropriately reviewed by the state courts, the Court must grant full double-deference to the state court's decisions under § 2254(d). The Court of Appeals found "Dunnaway's failure to reach a plea agreement with the Commonwealth was not because his attorney was ineffective in conveying his response to the Commonwealth. Rather, as Dunnaway

readily admits in his motion below, the response was a 'counter-offer,'[2] not an acceptance of the plea as offered by the Commonwealth." D.E. 10-2 at 134; *Dunnaway v. Commonwealth*, No. 2022-CA-0454-MR, 2024 WL 1221021 (Ky Ct. App. Mar. 22, 2024).

The state courts reasonably found that trial counsel "satisfied *Strickland's* deferential standard." *See Harrington*, 562 U.S. at 105. Both courts determined that there was no clear acceptance of the plea agreement prior to the Commonwealth's withdrawal of the offer. D.E. 10-2 at 95-96 ("It is clear from the substance of this argument and Dunnaway's own words at the hearing that there was never an unequivocal acceptance of the Commonwealth's offer. Absent clear acceptance of the offer, there can be no ineffective assistance of counsel"). Even when he attempted to accept the deal on the morning of the trial, any agreement was conditioned by Dunnaway on preservation of his right to appeal pretrial rulings and motions. *Id.* This additional term was inconsistent with a clear acceptance of a plea deal, and the state courts were reasonable to determine the standards for ineffective assistance of counsel were not met.

Based on these facts, and the considerable deference established by the AEDPA and *Strickland*, the state courts appropriately held there was no ineffective assistance of counsel. As such, Dunnaway is not entitled to relief on Ground Three.

## VI.    Conclusion

Dunnaway has not established that the Kentucky courts' rulings were unreasonable under the standards of the AEDPA. The undersigned therefore **RECOMMENDS** that his 28 U.S.C. § 2254 petition be **DENIED.**

---

[2] Dunnaway did refer to the furlough request as a "counteroffer" in his Kentucky RCr 11.42 motion, but context shows he did not mean to use it as a formal term of art  D.E. 10-2 at 78-79 ("When offer was presented to Movant, he accepted the offer with a counteroffer asking the court for a 'Furlough' to get his affairs in order before turning himself in. He then alerted his attorney that if the 'Furlough' was not accepted then he would still accept the offer[.]"). The state court decisions do not turn on this use of language, so that distinction is not at issue here.

13

The Court further **RECOMMENDS** that no Certificate of Appealability ("COA") should issue. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In other words, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

In this case, the well-reasoned opinions of the Kentucky courts on all three Grounds are entitled to capacious deference under AEDPA. Reasonable jurists would not find that these courts rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Dunnaway's claims are insufficiently viable to deserve encouragement to proceed further.

The Court further finds that no hearing is warranted. Review under § 2254 is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Evidence introduced in federal court has "no bearing" on § 2254 review. *Id.* at 185. Thus, this Court would be barred from considering any additional evidence in addressing Dunnaway's claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within **fourteen days** after being served

14

with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

    This the 27th day of February, 2025.

Signed By:
Hanly A. Ingram
United States Magistrate Judge