UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DEQONTAY DUNNAWAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN KEVIN MAZZA, )<br>)<br>Respondent. )<br>)<br>) | Case No. 5:24-cv-00209-GFVT-HAI<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Hanly A. Ingram. [R. 16.] Judge Ingram reviewed a motion to vacate filed by prisoner Deqontay Dunnaway pursuant to 28 U.S.C. § 2254. [R. 1.] After conducting a preliminary review of the petition, Judge Ingram recommends that the Court deny Dunnaway's motion and deny a certificate of appealability. [R. 16.] Because Dunnaway did not object, the Court **ADOPTS** Judge Ingram's Recommendation **[R. 16]** as and for the opinion of the Court and will **DENY** Dunnaway's petition.

Judge Ingram found that Dunnaway's ineffective assistance of counsel claim was without merit. [R. 16 at 9-13.] Judge Ingram carefully assessed the arguments presented by Dunnaway and determined that Dunnaway's failure to reach a plea agreement was not due to his attorney being dilatory. *Id*. at 12. Judge Ingram also assessed Dunnaway's claim that "trial testimony concerning his pending Shelby County charges was inadmissible propensity evidence" and determined that those claims were baseless. *Id.* at 9. Specifically, Judge Ingram noted "it is not within the power of a federal district court to reconsider a decision of state evidentiary law on

habeas review absent an egregious decision that denies the petitioner his right to a fair trial." *Id*. Last, Dunnaway argues that the "trial court improperly denied his motion to suppress evidence seized during the warrantless search of the rental car." *Id.* at 5. Judge Ingram found that "federal review on the issue is precluded under *Stone v. Powell*, 428 U.S. 465 (1976)." With respect to the Certificate of Appealability, because reasonable jurists would not debate the denial of Dunnaway's § 2254 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further," Judge Ingram also recommends that Dunnaway be denied a certificate of appealability.

Generally, this Court must make a *de novo* determination of those portions of a Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 16]** is **ADOPTED** as and for the opinion of the Court;

2. Dunnaway's Motion Under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence [R. 1] is **DENIED**;

3. A Certificate of Appealability is **DENIED** as to all issues raised; and

4. Judgment in this matter will follow promptly.

This the 19th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge